IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>vs.<br><br>CHARLES DRURY<br>208 Kraft Hollar Drive<br>Andrews, NC 28901-7344<br><br>CHEROKEE COUNTY DEPARTMENT<br>  OF SOCIAL SERVICES as guardian of<br>  Charles Drury<br>40 Peachtree Street<br>Murphy, NC 28906<br><br>BNC TRUST,<br>c/o Francis Wayne Mack, Trustee<br>Route 1, Box 398<br>Andrews, NC 28901<br><br>CHEROKEE COUNTY, NORTH<br>  CAROLINA,<br>75 Peachtree Street<br>Murphy, NC 28906<br><br>and<br><br>STATE OF NORTH CAROLINA<br>c/o Office of the Attorney General<br>P.O. Box 629<br>Raleigh, NC 27602-0629<br>   Defendants. | Civil No. 2:03cv85 |

## COMPLAINT

The United States of America alleges as follows:

1. This is a civil action brought by the United States of America for the purpose of setting aside a fraudulent conveyance of property, validating and

foreclosing federal tax liens and a judgment lien obtained against Charles Drury in a civil case, and for an order of sale against certain real property.

## JURISDICTION AND VENUE

2. This action is commenced at the direction of the Attorney General of the United States of America and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## THE PARTIES

5. Plaintiff is the United States of America ("United States").

6. Defendant Charles Drury ("Drury") is a resident of the State of North Carolina, in the custody of the Cherokee County Department of Social Services, and owns property located at 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina, within the jurisdiction of this court.

7. Defendant Cherokee County Department of Social Services ("Social Services") became the legal guardian of Drury on or about October 10, 2001, and is named as a defendant in that capacity.

8.    Defendant B.N.C. Trust is purported to be a North Carolina Trust, with an address listed as Route 1, Box 398, Andrews, Cherokee County, North Carolina. Francis Wayne Mack is the Trustee of B.N.C. Trust. B.N.C. Trust is named as a party to this action since it may claim an interest in property upon which the United States seeks to foreclose liens.

9.    Cherokee County, North Carolina ("the County") is a sovereign body politic subject to the jurisdiction of this Court. The County is named as a defendant to this action because it may claim an interest in the real property at issue in this case by virtue of a property tax lien against Drury's property in the approximate amount of $1,300.00.

10.    The State of North Carolina ("the State") is a sovereign body politic subject to the jurisdiction of this Court. The State is named as a defendant to this action as it may claim an interest in the real property at issue in this case by virtue of a tax lien against Drury's property in the approximate amount of $1,470.00.

## COUNT I

11.    The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.    During the years 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, and 1995, defendant Charles Drury engaged in a pattern of failing to file Federal Income Tax returns.

- 3 -

Case 2:03-cv-00085-LHT   Document 1   Filed 04/10/03   Page 3 of 11

13. On various dates and for various amounts, beginning on October 30, 1991, and continuing through May 4, 1998, a delegate of the Secretary of the Treasury of the United States made assessments against Drury for unpaid federal income taxes based on substitutes for returns for the years 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, and 1995.

14. Pursuant to 26 U.S.C. §§ 6321 and 6322, by virtue of Drury's failure to pay after due notice and demand the tax assessments described in paragraph 13, federal tax liens arose as of the date of the assessments in favor of the United States against all property and rights to property belonging to Drury.

15. On or about March 17, 1980, Drury and his spouse Mary Drury acquired real property known as 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina 28901-7344 ("the real property"), from Michael Surles and Rosemary Surles. The real property known as 208 Kraft Hollar Drive is more particularly described as follows:

> In Valleytown Township, District Number 7, a part of Tract Number 34, bounded by Bob Bristol Property and Blake Property on the East, by the Smith on the South and by the property of Taylor and Brouwer on the Northwest.
>
> BEGINNING at an iron pipe on line common with Bob Bristol, a corner common with Ogden Brouwer, and runs four courses: three (3) courses: South 29-27 West 370.03 feet, South 14-04 West 69.79 feet, South 03-02 West 49.84 and South 77-50 West 288.18 feet with branch o a stake, corner common with Elizabeth Taylor thence continuing with centerline of branch and line common with Elizabeth Taylor; six courses: South 36-00 West 42.6 feet, South 36-55 West 120.6 feet, South 44-05 West 132.0 feet, South 35-20 West 183.5 feet, South 00-20 West 135.2 feet and South 14-10

> East 89.5 feet to a point in said branch; corner common with Smith; thence a line common with Smith South 77-5 East 643.6 feet to a stake on top of a high ridge, in line common with Blake; thence North 05-57 East, a line common with Blake and Bristol, 1,239.19 feet to the Beginning, containing 10.63 acres, more or less.
>
> Together with an non-exclusive road easement 20 feet in width, ten feet each side of the center line as it presently exists to the public highway as a permanent means of ingress, egress and regress to this said property for the benefit of grantors, their heirs and assigns.
>
> This property is conveyed subject to water line rights heretofore conveyed to Ogden Brouwer and Elizabeth Taylor.

A true and correct copy of the original deed from Michael Surles and Rosemary Surles to Charles Drury and Mary Drury is attached hereto as Exhibit 1. An amended deed, prepared to correct an erroneous description of the real property, is attached hereto as Exhibit 2.

16. The tax liens described in paragraph 14 attached to the real property described in paragraph 15.

17. Mary Drury died on January 24, 1995.

18. On or about January 5, 1998, Drury filed a quitclaim deed allegedly transferring ownership of the real property described in paragraph 15, to the B.N.C. Trust, with Francis Wayne Mack named as the Trustee, for stated consideration of $10.00. The deed indicated that the transfer to the trust allegedly occurred on July 28, 1993. A true and correct copy of the quitclaim deed is attached hereto as Exhibit 3.

19. The Internal Revenue Service filed notices of tax lien against Drury with the Clerk of Superior Court, Cherokee County, in 1992, 1993 and 1995, and to the extent required, were timely refiled. The notices of federal tax lien are attached hereto as Exhibit 4.

20. Even if the transfer of the property to the B.N.C. Trust described in paragraph 18 is valid, it would not be effective against the notices of tax lien recorded prior to 1998.

WHEREFORE, the United States of America prays for judgment as follows:

(A) That the Court determine that the tax liens of the United States described in paragraph 14 above are valid and existing liens against all property and rights to property owned by the defendant Charles Drury as of the dates that the liens were originally filed, including particularly, the Real Property located at 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina 28901-7344;

(B) That the Court determine the priority of all lien holders who claim an interest in the Real Property located at 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina 28901-7344;

(C) That the Court order, adjudge, and decree that the federal tax liens upon the real property owned by Charles Drury be foreclosed and that the subject property be turned over to the Marshal and sold, and that the net proceeds of sale be distributed in accordance with the rights of the parties as herein determined;

(D) That the Court award the United States its costs and expenses incurred in the commencement and prosecution of this action; and

(E) That the Court grant the United States such other relief as it deems just and proper.

## COUNT II

21. The allegations set forth in paragraphs 1 through 20 are realleged and incorporated by reference as if fully set forth herein.

22. The B.N.C. Trust is listed on the deed as using the same mailing address as Drury.

23. There are no state excise stamps on the deed allegedly transferring ownership of the real property from Drury to the B.N.C. Trust, indicating that no transfer taxes were paid in conjunction with the transfer.

24. After the alleged transfer, Drury continued to reside at the property until he was declared incompetent and placed into state custody on or about October 10, 2001.

25. At the time of the purported conveyance to the B.N.C. Trust described in paragraph 18 above, Drury was indebted to the United States for unpaid income federal income tax for the years 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, and 1995.

26. At the time of the purported conveyance to the B.N.C. Trust described in paragraph 18, Drury was aware of the income tax liability listed in paragraph 25.

-7-

27. The transfer to the B.N.C. Trust was made with the actual intent to hinder, delay, and defraud Drury's creditors, particularly, the United States.

28. In addition, the transfer to the B.N.C. Trust may have been made at a time when Drury was insolvent or became insolvent as a result of the conveyance.

29. By reason of the foregoing, the conveyance of the property to the B.N.C. Trust is void and fraudulent as to the United States.

WHEREFORE, the United States of America prays for judgment as follows:

(F) That the Court order, adjudge and decree that the conveyance of the Real Property located at 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina 28901-7344 to the B.N.C. Trust above is void and of no effect against the United States, and that such conveyance be set aside as null and void;

(G) That the Court award the United States its costs and expenses incurred herein; and

(H) That the Court grant the United States such other relief as it deems just and proper.

## COUNT III

30. The allegations set forth in paragraphs 1 through 29 are realleged and incorporated by reference as if fully set forth herein.

31. On May 16, 2002, this Court entered a judgment in case number 2:01cv214-T against Drury and for the United States in the sum certain amount of $192,318.11, plus interest, penalties, and costs, accruing according to law from August

31, 2001, to the date of entry of judgment for the tax years 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, and 1995. An Abstract of Judgment was filed on August 15, 2002 with the Clerk of Superior Court, Cherokee County, a copy of which is attached hereto as Exhibit 5.

32. By virtue of this judgment, a judgment lien arose in favor of the United States against real property and rights thereto belonging to Drury.

WHEREFORE, the United States of America prays for judgment as follows:

(I) That the Court determine that the judgment lien of the United States described in paragraph 32 is a valid and existing lien against all real property and rights to real property owned by the defendant Charles Drury as of the date that the lien was filed, including particularly, the property described in paragraph 15 of the Complaint;

(J) That the Court determine the priority of all lien holders who claim an interest in the Real Property located at 208 Kraft Hollar Drive, Andrews, Cherokee County, North Carolina 28901-7344;

(K) That the Court order, adjudge, and decree that the judgment lien upon the real property owned by Charles Drury be foreclosed and that the subject property be turned over to the Marshal and sold, and that the net proceeds of sale be distributed in accordance with the rights of the parties as herein determined;

(L) That the Court award the United States its costs and expenses incurred in the commencement and prosecution of this action; and

(M)   That the Court grant the United States such other relief as it deems just and proper.

DATED:  April 9, 2003.

                                      Respectfully submitted,

                                      ROBERT J. CONRAD, JR.
                                      United States Attorney

                                      DARA B. OLIPHANT
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 616-9785

# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.